UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HUERTA,                                    ) | Case No. CV 13-05935-JEM |
|                          Plaintiff,              ) | |
|                                                  ) | MEMORANDUM OPINION AND |
|          v.                                      ) | ORDER AFFIRMING DECISION OF |
|                                                  ) | THE COMMISSIONER OF SOCIAL |
| CAROLYN W. COLVIN,                               ) | SECURITY |
| Acting Commissioner of Social Security,          ) | |
|                                                  ) | |
|                          Defendant.              ) | |
| ———————————————————————— ) | |

**PROCEEDINGS**

On August 20, 2013, David Huerta ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Supplemental Security Income benefits.  The Commissioner filed an Answer on November 27, 2013.  On March 4, 2014, the parties filed a Joint Stipulation ("JS").  The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge.  After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 43-year-old male who applied for Supplemental Security Income benefits on September 17, 2010, alleging disability beginning January 1, 2000.  (AR 16.)  The ALJ determined that Plaintiff has not engaged in substantial gainful activity since September 17, 2010, the application date.  (AR 18.)

Plaintiff's claim was denied initially on March 10, 2011.  (AR 16.)  Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Joel B. Martinez on October 19, 2011, in Pasadena, California.  (AR 16.)  Claimant appeared and testified at the hearing and was represented by counsel.  (AR 16.)  Vocational expert ("VE") Jane Haile also appeared and testified at the hearing.  (AR 16.)

The ALJ issued an unfavorable decision on November 23, 2011.  (AR 16-23.)  The Appeals Council denied review on June 25, 2013.  (AR 1-3.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1.     Whether the decision properly weighed the medical evidence.

2.     Whether the decision properly evaluated Plaintiff's obesity.

3.     Whether the decision properly evaluated Plaintiff's credibility.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error.  Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance."  Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a

1  conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation

2  omitted).

3  This Court must review the record as a whole and consider adverse as well as

4  supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).

5  Where evidence is susceptible to more than one rational interpretation, the ALJ's

6  decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599

7  (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole

8  and may not affirm simply by isolating a 'specific quantum of supporting evidence.'"

9  Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir.

10 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

11 **THE SEQUENTIAL EVALUATION**

12 The Social Security Act defines disability as the "inability to engage in any

13 substantial gainful activity by reason of any medically determinable physical or mental

14 impairment which can be expected to result in death or . . . can be expected to last for a

15 continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A),

16 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to

17 determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

18 The first step is to determine whether the claimant is presently engaging in

19 substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the

20 claimant is engaging in substantial gainful activity, disability benefits will be denied.

21 Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether

22 the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at

23 746. An impairment is not severe if it does not significantly limit the claimant's ability to

24 work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment

25 is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I

26 of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the

27 listed impairments, the claimant is presumptively disabled. Bowen v. Yuckert, 482 U.S.

28 at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant

from doing past relevant work.  Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).

Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC").  20 C.F.R. § 416.920(e).  The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence."  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).  The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits.  Parra, 481 F.3d at 746.  Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsbury v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).  To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience.  20 C.F.R. § 416.912(g).  If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits.  Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since September 17, 2010, the application date.  (AR 18.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: obesity, diabetes mellitus, mild intervertebral disc

1  bulges with possible contact upon the existing nerve roots from L3-4 through L5-S1.

2  (AR 18-19.)

3       At step three, the ALJ determined that Plaintiff does not have an impairment or

4  combination of impairments that meets or medically equals the severity of one of the

5  listed impairments.  (AR 19.)

6       The ALJ then found that Plaintiff has the RFC to perform sedentary work as

7  defined in 20 C.F.R. § 416.967(a) with the following limitations:

8           Claimant can stand and/or walk (with normal breaks) for a total of two

9           hours in an eight-hour workday, can perform postural activities

10          occasionally, can occasionally push and pull with the lower extremities,

11          cannot walk on uneven terrain, can occasionally climb stairs and

12          ramps, cannot climb ladders, ropes, or scaffolds, requires a cane for

13          prolonged ambulation, cannot be around heights and hazards, cannot

14          be exposed to concentrated dust, fumes, or gases, and cannot be

15          exposed to extreme temperatures.

16  (AR 19-21.)  In determining this RFC, the ALJ made an adverse credibility determination.

17  (AR 20-21.)

18      At step four, the ALJ found that Plaintiff is unable to perform his past relevant work

19  as a garbage collector driver.  (AR 21.)  The ALJ, however, also found that considering

20  Claimant's age, education and RFC, there are jobs that exist in significant numbers in

21  the national economy that Claimant can perform, including spotter, film touch up

22  inspector and wafer breaker.  (AR 22.)

23      Consequently, the ALJ found that Claimant was not disabled, within the meaning

24  of the Social Security Act.  (AR 23.)

25                              **DISCUSSION**

26      The ALJ decision must be affirmed.  The ALJ properly considered the medical

27  evidence and properly discounted Plaintiff's credibility.  The ALJ's RFC is supported by

28  substantial evidence.

1   The ALJ's nondisability determination is supported by substantial evidence and
2   free of legal error.

3   **I.      THE ALJ PROPERLY CONSIDERED THE MEDICAL EVIDENCE**

4         Plaintiff contends that the ALJ failed to consider the medical evidence properly
5   and to evaluate Plaintiff's obesity properly.  The Court disagrees.

6         **A.     Relevant Federal Law**

7         The ALJ's RFC is not a medical determination but an administrative finding or
8   legal decision reserved to the Commissioner based on consideration of all the relevant
9   evidence, including medical evidence, lay witnesses, and subjective symptoms.  See
10  SSR 96-5p; 20 C.F.R. § 1527(e).  In determining a claimant's RFC, an ALJ must
11  consider all relevant evidence in the record, including medical records, lay evidence, and
12  the effects of symptoms, including pain reasonably attributable to the medical condition.
13  Robbins, 446 F.3d at 883.

14        In evaluating medical opinions, the case law and regulations distinguish among
15  the opinions of three types of physicians:  (1) those who treat the claimant (treating
16  physicians); (2) those who examine but do not treat the claimant (examining physicians);
17  and (3) those who neither examine nor treat the claimant (non-examining, or consulting,
18  physicians).  See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d
19  821, 830 (9th Cir. 1995).  In general, an ALJ must accord special weight to a treating
20  physician's opinion because a treating physician "is employed to cure and has a greater
21  opportunity to know and observe the patient as an individual."  Magallanes v. Bowen,
22  881 F.2d 747, 751 (9th Cir. 1989) (citation omitted).  If a treating source's opinion on the
23  issues of the nature and severity of a claimant's impairments is well-supported by
24  medically acceptable clinical and laboratory diagnostic techniques, and is not
25  inconsistent with other substantial evidence in the case record, the ALJ must give it
26  "controlling weight."  20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

27        Where a treating doctor's opinion is not contradicted by another doctor, it may be
28  rejected only for "clear and convincing" reasons.  Lester, 81 F.3d at 830.  However, if the

treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record.  Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002).  Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings.  See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632.  Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons.  Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005).  If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it.  Id.  However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record.  Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

**B.    The ALJ Did Not Err In Considering The Medical Evidence**

Plaintiff David Huerta testified at the hearing that he stopped working because of gout problems, back pain and feet swelling.  (AR 19-20.)  The ALJ found Plaintiff had the severe impairments of obesity, diabetes, mild intervertebral disc bulges and hypertension.  (AR 18.)  The ALJ accommodated these impairments with a sedentary RFC with significant limitations.  (AR 19.)

Plaintiff challenges the ALJ's RFC, primarily on the basis that the ALJ, according to Plaintiff, improperly rejected the opinion of his treating physician, Dr. Sandra Avila at the El Proyecto del Barrio Clinic.  (AR 21, 248.)  Plaintiff was treated at the clinic 32 times from January 14, 2008 through July 5, 2011.  (AR 20.)  Records show at least 18 of those visits were with Dr. Avila, starting August 2009.  (AR 248, 311-312, 314, 317,

319-326, 339-330, 335, 336, 340, 342.)  She diagnosed morbid obesity, type 2 diabetes, chronic low back pain and gout.  (AR 311, 317, 319, 320, 336.)  Dr. Avila completed a Medical Source Statement dated May 24, 2011 (AR 302-306) in which she opined Plaintiff could sit/stand/walk two hours in an eight hour day.  (AR 303.)  She also opined Plaintiff would need to take unscheduled breaks every 20-30 minutes for five minutes each (AR 304) and would miss work more than four days per month.  (AR 305.)

The ALJ rejected Dr. Avila's opinion about Plaintiff's limitations for several reasons.  First, the ALJ gave Dr. Avila's work-preclusive opinion less weight because it was controverted by consulting examiner Dr. Sohail Afra and State reviewing physician Dr. Jim Takach.  (AR 21.)  Both opined that Plaintiff is capable of performing at least sedentary work.  (AR 21.)  The ALJ's reliance on these opinions is misplaced.  Dr. Afra saw Plaintiff but once and did not review any medical records.  (AR 255.)  A one-time examination of a claimant without review of medical records is of little probative value, and certainly not sufficient to overcome the opinions of a treating physician who has seen the claimant repeatedly.  See Reddick v. Chater, 157 F.3d 715, 727 (9th Cir. 1998).  Also, Dr. Takach is a non-examining, non-treating physician whose March 3, 2011 RFC merely adopted and restated a prior RFC which he noted "does not necessarily indicate an independent assessment."  (AR 284.)  Dr. Takach's assessment, moreover, did not have the benefit of Dr. Avila's May 24, 2011 Medical Source Statement.  Ordinarily, the ALJ has the responsibility of resolving conflicts in the medical evidence, Andrews, 53 F.3d at 1039, and where reasonable his interpretation should not be second-guessed.  Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).  Here, the ALJ's reliance on the opinions of Dr. Afra and Dr. Takach to discount Dr. Avila's opinion was not reasonable.

The ALJ's error, however, was harmless because he had other reasons for giving less weight to Dr. Avila's May 24, 2011 RFC assessment.  Stout v. Comm'r Soc. Sec. Adm., 454 F.3d 1050, 1058 (9th Cir. 2006) (error is harmless where inconsequential to the ultimate nondisability determination.)  Dr. Avila's opinion was not supported by her own progress notes which showed that Plaintiff's diabetes and back pain were

1  "controlled with management."  (AR 21.)  An ALJ may reject a treating physician's

2  opinion that is inconsistent with or unsupported by his or her treatment notes.  Connett v.

3  Barnhart, 340 F.3d 871, 875 (9th Cir. 2003).

4         The ALJ also cited medical evidence of record showing that medications, namely

5  Vicodin and insulin, controlled Plaintiff's back and ankle pain and diabetes.  (AR 20.)

6  Impairments that can be controlled effectively with medication are not disabling.  Warre

7  v. Comm'r, 439 F.3d 1001, 1006 (9th Cir. 2006).  There is no dispute, moreover, that

8  Plaintiff's intervertebral disc bulges were mild, based on a July 2011 MRI scan.  (AR 20.)

9  Nor did Claimant ever receive therapy or surgery for his back, indicating Plaintiff's back

10  was not serious enough to warrant more intensive treatment.  (AR 21.)  The ALJ

11  reasonably concluded that Dr. Avila's opinion was "not substantiated by the overall

12  evidence".  (AR 21.)  An ALJ may reject a treating physician's opinion that is

13  unsupported by the record as a whole.  Thomas, 278 F.3d at 957; Batson v. Comm'r of

14  Soc. Sec., 359 F.3d 1190, 1195 (9th Cir. 2001).  Plaintiff disputes these findings by the

15  ALJ but the ALJ's interpretation of the record is reasonable and should not be second-

16  guessed,  Rollins, 261 F.3d at 857.

17         The ALJ had specific, legitimate reasons supported by substantial evidence for

18  rejecting Dr. Avila's RFC limitations to the extent inconsistent with the ALJ's RFC.

19         **C.    The ALJ Did Not Err In Considering Plaintiff's Obesity**

20         Plaintiff contends that the ALJ decision failed to consider the additional and

21  cumulative effects of Plaintiff's morbid obesity.  The Court disagrees.  The ALJ

22  recognized that Plaintiff has the severe impairment of obesity (AR 18) with a body mass

23  index in the morbidly obese category.  (AR 20.)  Plaintiff has not presented any evidence

24  supporting additional functional limitations beyond those contained in the ALJ's RFC.

25  Burch v. Barnhart, 400 F.3d 676, 684 (9th Cir. 2005) ("Burch has not set forth, and there

26  is no evidence in the record, of any functional limitations as a result of her obesity that

27  the ALJ failed to consider").

28

1    Obesity, moreover, is not itself disabling and is no longer a listed impairment.  See
2    Revised Medical Criteria For Determination Of A Disability, Endocrine System And
3    Related Criteria, 64 Fed. Reg. 46122 (effective October 25, 1999) (de-listing 9.09
4    "Obesity" from Appendix 1, Subpart P of Part 404).  Plaintiff cites Celaya v. Halter, 332
5    F.3d 1177 (9th Cir. 2003), which held that the ALJ in that case should have considered
6    obesity as a disabling factor in the sequential analysis, even though not explicitly raised
7    by the claimant, because (1) obesity was raised implicitly in the claimant's report of
8    symptoms, (2) Celaya's obesity was at least close to the listing criterion and was a
9    condition that could exacerbate other reported impairments, and (3) Celaya's lack of
10   representation should have alerted the ALJ to the need to develop the record further.  Id.
11   at 182.

12       Celaya's reach, however, was limited by the Ninth Circuit in Burch, which held that
13   the failure to consider obesity at step two was no error where there was no evidence that
14   claimant's obesity exacerbated other impairments and claimant was represented by
15   counsel.  Id. at 682.  Burch also held that the ALJ did not err in failing to consider a
16   claimant's obesity at step three because "[a]n ALJ is not required to discuss the
17   combined effects of a claimant's impairments or compare them to any listing in an
18   equivalency determination unless the claimant presents evidence in an effort to establish
19   equivalence."  Id. at 683.  The Ninth Circuit found no reversible error in the ALJ's failure
20   to discuss how Claimant's impairments equaled a listing because there was no evidence
21   that Claimant's obesity limits her functioning.  Id.  Burch also found no error in the ALJ's
22   RFC because there was no evidence of any functional limitations due to obesity that the
23   ALJ failed to consider.  Id. at 684.  Following Burch, several Central District decisions
24   upheld ALJ failures to discuss obesity as more closely resembling Burch than Celaya,
25   where there was no evidence that a claimant's obesity caused any functional limitations
26   or exacerbated other impairments.  Hogle v. Astrue, 2010 WL 3894621*3 (C.D. Cal.);
27   Ashby v. Astrue, 2009 WL 2524582*3 (C.D. Cal.); Mason v. Astrue, 2009 WL 1309524*8

28

1  (C.D. Cal.). This case too is more like <u>Burch</u> than <u>Celaya</u> because Plaintiff has not

2  identified any additional limitations beyond those in the ALJ's RFC.

3                                          * * *

4       The ALJ properly considered the medical evidence.

5  **II.    THE ALJ PROPERLY DISCOUNTED PLAINTIFF'S CREDIBILITY**

6       Plaintiff contends that the ALJ erred in his adverse credibility determination. The

7  Court disagrees.

8       **A    Relevant Federal Law**

9       The test for deciding whether to accept a claimant's subjective symptom testimony

10  turns on whether the claimant produces medical evidence of an impairment that

11  reasonably could be expected to produce the pain or other symptoms alleged. <u>Bunnell</u>

12  <u>v. Sullivan</u>, 947 F.2d 341, 346 (9th Cir. 1991); <u>see</u> <u>also</u> <u>Reddick</u>, 157 F.3d at 722;

13  <u>Smolen</u>, 80 F.3d at 1281-82 esp. n.2. The Commissioner may not discredit a claimant's

14  testimony on the severity of symptoms merely because they are unsupported by

15  objective medical evidence. <u>Reddick</u>, 157 F.3d at 722; <u>Bunnell</u>, 947 F.2d at 343, 345. If

16  the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make

17  findings which support this conclusion." <u>Bunnell</u>, 947 F.2d at 345. The ALJ must set

18  forth "findings sufficiently specific to permit the court to conclude that the ALJ did not

19  arbitrarily discredit claimant's testimony." <u>Thomas</u>, 278 F.3d at 958; <u>see</u> <u>also</u> <u>Rollins</u>,

20  261 F.3d at 856-57; <u>Bunnell</u>, 947 F.2d at 345-46. Unless there is evidence of

21  malingering, the ALJ can reject the claimant's testimony about the severity of a

22  claimant's symptoms only by offering "specific, clear and convincing reasons for doing

23  so." <u>Smolen</u>, 80 F.3d at 1283-84; <u>see</u> <u>also</u> <u>Reddick</u>, 157 F.3d at 722. The ALJ must

24  identify what testimony is not credible and what evidence discredits the testimony.

25  <u>Reddick</u>, 157 F.3d at 722; <u>Smolen</u>, 80 F.3d at 1284.

26       **B.    Analysis**

27       In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically

28  determinable impairments reasonably could be expected to cause his alleged

symptoms.  (AR 20.)  The ALJ, however, also found that Plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms were not credible to the extent inconsistent with the ALJ's assessed RFC.  (AR 20.)  Because the ALJ did not make a finding of malingering, he was required to provide clear and convincing reasons supported by substantial evidence to discount Plaintiff's credibility. Smolen, 80 F.3d at 1283-84.  The ALJ did so.

First, the ALJ found that the overall medical evidence is consistent with his RFC. (AR 21.)  An ALJ is entitled to consider whether there is a lack of medical evidence to corroborate a claimant's symptoms so long as it is not the only reason for discounting credibility.  Burch, 400 F.3d at 680-81.  As already observed, the ALJ's RFC is supported by the medical evidence of record.

Second, the ALJ found that Plaintiff's medical treatment has been conservative. (AR 21.)  Conservative treatment is a legitimate basis for discounting a claimant's credibility.  Parra, 481 F.3d at 751.  Here, the ALJ noted that Plaintiff's diabetes and back pain were controlled with medication, and there is no evidence of ongoing specialist care, physical therapy or surgery.  (AR 20, 21.)

Third, the ALJ found Plaintiff made inconsistent statements that undermined his credibility.  Inconsistent statements are a valid basis for discounting credibility.  Light v. Social Sec. Adm., 119 F.3d 789, 792 (9th Cir. 1997).  The ALJ cited a report Plaintiff submitted indicating he could walk only 15 steps, yet Plaintiff testified at the hearing his feet swelled if he was on his feet most of the day.  (AR 21.)

Plaintiff disputes the ALJ's interpretation of the evidence regarding Plaintiff's credibility but again the ALJ is the one responsible for resolving ambiguities in the record.  Andrews, 53 F.3d at 1039.  Where the ALJ's interpretation of the record is reasonable as it is here, it should not be second-guessed.  Rollins, 261 F.3d at 857.

The ALJ discounted Plaintiff's credibility for clear and convincing reasons supported by substantial evidence.

* * *

1     The ALJ's RFC is supported by substantial evidence.  The ALJ's nondisability

2  determination is supported by substantial evidence and free of legal error.

3                                    **ORDER**

4     IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the

5  Commissioner of Social Security and dismissing this case with prejudice.

6

7  DATED: March 18, 2014                    _____*/s/ John E. McDermott*_____

8                                           JOHN E. MCDERMOTT
                                            UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28